Judge Ewing
delivered the Opinion of the Court.
One Milner recovered a judgment in slander, for seven hundred dollars, and costs, against McKinney: upon which, execution was sued out, endorsed for the benefit of Fowler, and levied upon a quarter section of land, on which McKinney lived; which was sold, and Fowler became the purchaser, for twenty dollars, and obtained the sheriff’s deed to himself and one Cates, who became interested in the purchase by the payment of one half of the consideration. Whereupon, Fowler and Cates filed their bill in chancery, against McKinney and one White, alleging the foregoing facts, and also charging, that McKinney had fraudulently, and with a view to hinder and delay his creditors, and especially to obstruct the collection of the aforesaid judgment, conveyed, by prior deed, to White, without consideration, the quarter section of land purchased by Fowler. They pray that the deed may be set aside, or that White be compelled to release, and that the possession may be delivered to them, and they be quieted in the same, and for general relief.
The defendants answer, denying the fraud, in general terms, but answering evasively various specific allegations charged in the bill.
The Circuit Court decreed a cancelment of the conveyance to White, and that he release to the complainants, and that the possession be delivered to them. And the defendants have brought the case to this Court, by writ of error.
Without entering into a detail of the evasions of the answer and proofs in the cause, we would remark, that it is not absolutely certain that fraud has been practised,
*358 in the conveyance by McKinney to White. But doubting upon that point,' but inclining rather to the opinion that it has been, we should not feel authorized to disturb the decree of the Circuit Court upon that ground alone.
But it seems to be evident that the quarter section has been sold, and purchased by Fowler, who had the benefit of the execution, at a ruinous sacrifice. This may have been, and probably was, produced by the embarrassments thrown around the title, by the act of McKinney; and, though he would have no right to complain of the sacrifice — yet, as the complainants have remedy at law, and have chosen to resort to a court of equity, as complainants, for'redress, they should obtain it, especially in a doubtful case, like the present, only upon the terms of doing equity.
A court of equity will not enforce an unconscientious bargain; neither ought it to interpose to clear away the incumbrances, and enforce the delivery of possession when such a bargain has been obtained, except upon terms which may be deemed equitable and just — especially when the party asking it had the benefit and control of the execution, under which the property was purchased.
It would certainly have been more consonant to the principles of equity, and the regular course of practicó, for the creditor to have filed his bill before the sale, to remove the incumbrances, that the property might have been placed in a condition to be sold at a fair price.— But as he has not chosen to take that course, and has acquired the property, at a price almost nominal, leaving his judgment, or the greater part of it, in full force, and yet to.be satisfied out of other means of the defendant, now possessed, or which may hei-eafter be acquired, we do not feel warranted, as chancellors, in consecrating his unconscientious advantage, by affording him the relief which he specifically asks; but would rather leave him to his remedy at law — especially in a doubtful case of fraud.
But as the bill contains a general prayer fo1’ relief, and as we have stated that we incline to the opinion *359 that the conveyance, by McKinney to White, is tinctured with fraud, and as the allegations of the bill are such that relief may be afforded on the general prayer, upon equitable terms, we are of opinion that it should be afforded upon those terms only.
A court of equity will not enforce an unconscientious bargain; neither should it aidi in giving effect to one, by clearing off incum-brances , giving; possession &c.„ but upon equitable terms.
It is, therefore, the opinion of the Court, that the decree of the Circuit Court be reversed, and cause remanded, that the bill of the complainants be dismissed without prejudice — unless they consent to submit to a re-sale of the land in contest; and in case they consent to do so, then, that a decree be rendered ordering a sale of the same, or so much thereof as will suffice, by a commissioner of the Court, in satisfaction of the judgment at law; and that such order be made as will secure the complainants in the restitution of the consideration paid for the purchase under execution, with interest and costs, and that White, and also the complainants, in case another shall purchase, be decreed to release and convey, by quit-claim deed, to the purchaser; and other steps taken which may be consistent with equity, and not inconsistent with this opinion.