CHARLES BROWN v. SAMUEL HARPER.

Fraudulent Conveyance.
   Evidence of good faith in purchase and payment by third party.

APPEAL FROM NELSON CIRCUIT COURT.

January 2, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The deposition of Forsythe, which seems to have been improperly rejected, establishes very conclusively that Brown did make a cash payment of three hundred dollars on the mill property, and there is no evidence, whatever, tending to show that the two notes for the deferred payments which were transferred to Graves were received by him in pursuance to any fraudulent agreement between any or all of the parties.

Graves proves further that the timber he delivered at the mill after the date of Brown's purchase was delivered in pursuance to a contract made with Brown.

The evidence fails to show that any relationship or intimacy existed between Brown and Forsythe, or that Brown had at the time of his purchase any knowledge of the existence of appellee's debt.

Considering the character of the property sold, we are of opinion that the change of possession was sufficiently proven.

It was doubtless the purpose of Forsythe in making the sale of the mill property to evade the judgment of the debt of Harper, but as the evidence fails to connect Brown with any participation in or knowledge of such fraudulent intent, it seems to us that the court erred in disregarding his purchase, and subjecting his property to the payment of said debt.

Unlike the case of White, &c., vs. Oates, 7 Dana 357, the evidence before us does not incline the mind to the conclusion that the conveyance was fraudulent as to Brown. We are of opinion that the judgment of the court below was erroneous, and the same

is hereby reversed, and with instructions to dismiss the petition of appellee as to Brown.

*McKay, for appellant.*
*Hardin, Grigsby, for appellee.*